# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Dawn Vail, individually and as Trustee for North Dakota Workforce Safety & Insurance, </br></br>     Plaintiff, </br></br>vs. </br></br>S/L Services, Inc., </br></br>     Defendant. | **ORDER RE POSSIBLE QUESTIONS FOR CERTIFICATION TO THE NORTH DAKOTA SUPREME COURT** </br></br>Case No. 4:14-cv-008 |

As discussed with the parties during the most recent status conference, the court is inclined to certify questions to the North Dakota Supreme Court in this case. The following are the questions that are being considered for certification:

1. Given the facts this court has stated should be assumed as true (including that S/L Services treated Vail as an independent contractor prior to her accident and opposed her claim for benefits on the grounds she was not an employee but later paid a premium based on her wages for the premium period in which she was injured), can either the treatment of Vail as an independent contractor or S/L Services' opposition to her claim for benefits on the grounds she was not an employee constitute a failure to secure coverage in violation of § 65-04-33(2) if done willfully within the meaning of that section?

2. Given the facts that this court has stated should be assumed as true (including that S/L Services did not include Vail's wages in its payroll report for the August 2012 - August 2013 premium period but that WSI nevertheless calculated the premium for that period using Vail's wages and S/L Services paid that premium), can the failure on the part of S/L Services to include Vail's wages in the August 2012 - 2013 premium period constitute a misrepresentation of payroll in violation of § 65-04-33(2) if it was done willfully within the meaning of that section?

3. Given the facts that this court has stated should be assumed as true (including that S/L Services failed to include in its wage report for the August 2012 - August 2013 premium period the wages of some six or seven welder's helpers who were similarly situated to Vail and whose wages were not included in WSI's calculation and billing

1

for that premium period but were later included in a subsequent billing by WSI following a 2014 audit and paid by S/L Services at that time), can the failure on the part of S/L Services to include the wages of these other welder's helpers in the August 2012 - August 2013 wage report constitute a violation of § 65-04-33(2), if it was done willfully within the meaning of that section, and can Vail rely upon that alone to support a claim that S/L Services has lost its immunity from a common law suit for damages for her workplace injury?

4. In order to prove a violation of § 65-04-33(2), is Vail required to demonstrate that S/L Services knew at the time it engaged in the conduct that Vail claims amounts to a violation that she or any of the other workers similarly situated were employees as a matter of law and entitled to workers' compensation coverage?

5. In proving a violation of § 65-04-33(2), can Vail satisfy the statute's scienter requirement if she proves that S/L Services acted in reckless disregard of the fact that she and any other workers similarly situated were employees as a matter of law and entitled to worker's compensation coverage at the time it engaged in the prohibited conduct?

6. In proving a violation of § 65-04-33(2), can Vail satisfy its scienter requirement by proving only that S/L Services intentionally, and not inadvertently, committed an act prohibited by the statute and not prove any other state-of-mind, including that S/L Services had knowledge of the relevant obligations imposed on an employer under the worker's compensation laws, that S/L Services knew that Vail was an employee as a matter of law, that S/L Services intended to deceive WSI or otherwise violate the law, or that S/L Services acted in reckless disregard of the law's requirements or that Vail was an employee as a matter of law?

7. Can S/L Services avoid a finding of a violation of § 65-04-33(2) if it can be demonstrated that, at the time it engaged in the conduct that is alleged to have constituted a violation, it believed in good faith that Vail or other similarly situated workers were not employers as a matter of law, even though that belief was mistaken?

The court will entertain comments, objections, and suggestions for alternative or additional questions if filed with the court on or before January 6, 2017. In proposing any revised language or other questions, please keep in mind the requirements of N.D. R. App. P. 47(c), which, among other things, requires that the questions be formulated in a manner allowing the question to be answered as "yes" or "no."

**IT IS SO ORDERED.**

Dated this 29th day of December, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court
